1   Sarah J. Odia
    Nevada Bar No. 11053
2   sjo@paynefears.com
    PAYNE & FEARS LLP
3   6385 S. Rainbow Blvd., Suite 220
    Las Vegas, Nevada 89118
4   Telephone: (702) 851-0300
    Facsimile: (702) 851-0315
5
    Attorneys for Defendants INTU
6   CORPORATION and DEANNA EDWARDS

7

8               **UNITED STATES DISTRICT COURT**

9               **FOR THE DISTRICT OF NEVADA**

10

11  KRYSTAL JOHNSON, on behalf of herself      Case No. 2:18-cv-02361-MMD-NJK
    and all others similarly situated, an individual;
12  SHANNON DELELLE, on behalf of herself      **DEFENDANT INTU'S MOTION FOR**
    and all others similarly situated, an individual;   **PARTIAL SUMMARY JUDGMENT (ECF**
13  CRYSTAL HONECK, on behalf of herself      **No. 24)**
    and all others similarly situated, an individual;
14  DUSTY DANGERFIELD, on behalf of herself
    and all others similarly situated, an individual;
15  JENNIFER WAKUZAWA-KIDA, on behalf
    of herself and all others similarly situated, an
16  individual; SARAH PASCOE, on behalf of
    herself and all others similarly situated, an
17  individual; ELIZABETH SPANGLER, on
    behalf of herself and all others similarly
18  situated, an individual; SHANNON
    THOMPSON, on behalf of herself and all
19  others similarly situated, an individual;

20               Plaintiffs,

21       v.

22  INTU, a Nevada corporation; DEANNA
    EDWARDS, an individual,

23               Defendants.

24

25       Defendants INTU Corporation ("INTU") and Deanna Edwards (collectively

26  "Defendants"), by and through its counsel of record, respectfully move this Court for partial

27  summary judgment pursuant to Fed. R. Civ. P. 56 on: (1) Plaintiffs Dusty Dangerfield, Elizabeth

28  Spangler, and Shannon DeLelle's claims for violation of the minimum wage provisions of the Fair

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

Labor Standards Act ("FLSA"); (2) all Plaintiffs' claims for overtime violations of the FLSA; and (3) all Plaintiffs' claims for failure to pay overtime wages under NRS § 608.005 *et seq*.

This Motion is based on the following Memorandum of Points and Authorities, the pleadings and papers on file, and the arguments of counsel at the time of the hearing.

DATED:  May 24, 2019                         PAYNE & FEARS LLP

By:       */s/ Sarah J. Odia*
           _____
           SARAH J. ODIA, NV Bar # 11053
           6385 S. Rainbow Blvd, Suite 220
           Las Vegas, Nevada 89118
           Telephone: (702) 851-0300

           Attorneys for Defendants INTU CORPORATION
           and DEANNA EDWARDS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants are entitled to summary judgment as to: (1) Plaintiffs Dusty Dangerfield, Elizabeth Spangler, and Shannon DeLelle's claims for violation of the minimum wage requirements of the Fair Labor Standards Act ("FLSA"); (2) all Plaintiffs' claims for failure to pay overtime under the FLSA; and (3) all Plaintiffs' claims for failure to pay overtime wages under Nevada law, NRS § 608.005 *et seq*. To be clear, it is Defendants' position that all of the Plaintiffs are properly classified as independent contractors, and thus, there is no employment relationship between the Plaintiffs and Defendants under the FLSA or Nevada law. However, even if the Court were to find that an employment relationship existed, the undisputed evidence shows that three of the Plaintiffs, Ms. Dangerfield, Ms. Spangler, and Ms. DeLelle, have all been compensated in compliance with the Fair Labor Standards Act ("FLSA") because their overall earnings for every workweek in which they performed work for INTU, far exceeded the amount due at the Federal minimum wage. Thus, summary judgment should be entered on the FLSA minimum wage claims of those three Plaintiffs.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD, SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

In addition. summary judgment should be entered on the overtime claims of all of the Plaintiffs. The undisputed evidence in this case shows that Plaintiffs Shannon DeLelle and Shannon Thompson have never worked more than forty (40) hours in any workweek for INTU. The remaining Plaintiffs worked more than forty (40) hours in a workweek for INTU on one or more occasions. However, the Plaintiffs are exempt from overtime under 29 U.S.C. § 207(i) because: (1) they were employed to perform services; (2) their regular rate of pay was in excess of one and one-half times the minimum hourly rate applicable under the FLSA; and (3) all of the Plaintiffs' earnings (other than tips, which are not reported to INTU) were commissions on massage services performed. Thus, summary judgment is warranted for all Plaintiffs' overtime claims under the FLSA, 29 U.S.C. § 207(i).

Finally, none of the Plaintiffs are entitled to compensation for overtime under NRS 608.018, because the Plaintiffs are all "professionals" exempt from overtime. NRS 608.0116 defines "professionals" for purposes of overtime compensation as persons engaged in any professions regulated by NRS Chapters 623 to 645. Plaintiffs are all licensed massage therapists regulated by NRS Chapter 640C. Thus, as a matter of law, Plaintiffs are exempt from overtime wages under Nevada law.

## II. STATEMENT OF UNDISPUTED FACTS

INTU is a massage therapy company that primarily provides chair massage services to casinos in Las Vegas, Nevada.  (Declaration of Deanna Edwards, Exhibit 1 hereto, ("Edwards Decl."), ¶ 2.) Each of the Plaintiffs are licensed massage therapists under NRS 640C.050. (*See*, Nevada Board of Massage Therapy licensure records for Plaintiffs, attached hereto as Exhibit 2). Between January 2012 and January 2016, each of the Plaintiffs entered into substantively identical independent contractor agreements with INTU to provide chair massages to patrons of INTU's customers at Las Vegas casinos properties.  (ECF No. 9 at ¶¶ 25, 28, 30, 32.)

INTU has contracted with around 175 licensed massage therapists. (Edwards Decl. ¶ 3.) Via its casino contracts, INTU provides these independent contractors exclusive access to hotels and their respective casinos.  It does so by paying a contractually agreed-upon fee to the properties so that its contractors can exclusively perform massage services on the casino floors.  (*Id.*)  In

1  exchange, the independent contractors provide INTU with a percentage of their earnings,

2  excluding tips.  (*Id*.)

3       INTU is not involved in the money exchange between contractor and patron; the

4  independent contractors all charge for massage services and collect that money directly from any

5  given customer (i.e. casino patron).  (*Id*. ¶ 5.)  The contractors record the number of massages

6  performed during their shifts and the amounts collected, excluding tips, on INTU's payout sheets.

7  (*Id*.) The contractors charge two-dollars ($2.00) per minute for massages. (ECF No. 9 at ¶ 24). The

8  contractors keep forty-five percent (45%) of the proceeds they collect from massages, plus their

9  tips, and the contractors pay the remaining fifty-five percent (55%) to INTU. (*Id*.) In other words,

10  the contractors receive a forty-five percent (45%) commission on the massage services they

11  perform. It is up to the independent contractors to (1) collect and keep their percentage of the

12  proceeds, and (2) keep any tips they receive—in other words, it is an honor system.  (*Id*. ¶ 6.)  As

13  for the latter task, INTU never knows how much a contractor takes home in tips.  (*Id*.)  INTU also

14  does not receive money directly from the casinos or their patrons for massage services, other than

15  casino vouchers that patrons occasionally use to pay for massages and for special events.  (*Id*.) The

16  contractors actually pay INTU. (*Id*.)

17     **A.**    **INTU'S PAYOUT SHEETS**

18       The number of hours worked by the independent contractors, the amount of money

19  received from massage patrons, excluding tips, and INTU's contractually agreed-upon fifty-five

20  percent (55%) of massage proceeds, are all recorded on INTU's payout sheet. (Edwards Decl. at ¶

21  4). INTU maintains the payout sheets in the normal course of its business. (Edwards Decl. at ¶ 5).

22  All payout sheets for the Plaintiffs for the calendar years 2016, 2017, and 2018, that are in INTU's

23  possession, custody, and control, have been provided by INTU to its counsel of record in this

24  action. (*Id*.). All of the payout sheets provided by INTU to its counsel in this case have been

25  produced in this action and are bate labeled INTU 000061 to INTU 001588. (Declaration of Sarah

26  J. Odia, Exhibit 3 hereto ("Odia Decl.) at ¶ 2). Counsel for Defendants have compiled all relevant

27  information from the payout sheets for each Plaintiff, including dates worked, time in/out, minutes

28  worked (actually performing massages at $2.00 per minute), amount collected for massage

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

services (excluding tips, which are not recorded), and Plaintiffs' forty-five percent (45%) share of amounts received. (Odia Decl. at ¶ 3). Using this data, counsel for INTU have determined for each workweek for the calendar years 2016, 2017, and 2018: (1) the number of hours worked by each Plaintiff for each workweek; (2) the total amount of compensation each Plaintiff received for each workweek; and (3) each Plaintiffs' hourly rate for each work week (total amount of compensation received for each workweek (excluding tips) divided by the number of hours worked for the workweek). (*Id.*).

On March 19, 2019, Defendants served Plaintiffs with Interrogatories in this case. (Odia Decl. at ¶ 4). Interrogatory number 3 requested that Plaintiffs "[p]rovide a computation of each category of damages claimed by each of the Plaintiffs for their FLSA claims, including a. applicable dates; b. Amounts of claimed unpaid wages for each of the Plaintiff; and c. The method used for computation (including applicable rates, tips, and hours)." (Ex. 3-C). Plaintiffs' objected to this Interrogatory and asserted that it sought to "compel them to produce information contained in the records the Defendants – not the Plaintiffs – are required to maintain." (Ex. 3-C). Plaintiffs produced limited payment records and information for only four of the Plaintiffs: Pascoe, Thompson, Dangerfield, Spangler, and admitted that none of the Plaintiffs "have complete records." (*Id.*). Defendants also served requests for production of documents ("RFP") on Plaintiffs. (Odia Decl. at ¶ 4). RFP number 8 requested that Plaintiffs "[p]roduce copies of any and all documents created or maintained by the Plaintiffs recording time worked for INTU." (Ex. 3-D). RFP number 11 further requested that Plaintiffs "[p]roduce any and all documents the Plaintiffs rely upon to support Plaintiffs' FLSA claims against INTU." (Ex. 3-D). Plaintiffs produced only limited payout sheets for Plaintiffs Pascoe, Thompson, Dangerfield, and Spangler. (Odia Decl. at ¶ 4). Counsel for INTU cross-referenced these payout sheets with INTU's records and ensured that all payout sheets, including those produced by Plaintiffs were incorporated in the workweek calculations that are attached hereto as Exhibit 3-B. (Odia Decl. at ¶ 5).

At all times relevant herein, the Federal minimum wage was $7.25 per hour. *See*, https://webapps.dol.gov/elaws/faq/esa/flsa/001.htm ("For work performed on or after July 24, 2009, the Federal minimum wage is $7.25 per hour.").

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

**B.    DUSTY DANGERFIELD'S PAY ANALYSIS**

INTU's records show that Plaintiff Dangerfield has been compensated in compliance with the FLSA because her overall earnings for the every workweek in which she performed work for INTU, far exceeded the Federal minimum wage of $7.25 per hour. INTU's records show that in 2016, Ms. Dangerfield made $22,522.50 in compensation for her work for INTU and worked 1,085.5 hours. Thus her average compensation for the year was $20.74 per hour. (Ex. 3-B to Odia Decl.). In any workweek for the calendar year 2016, the lowest amount per hour made by Dangerfield was $12.75 per hour in week 15 ($153.00 earned for 12 hours worked). There were four workweeks in 2016 in which Dangerfield worked more than 40 hours: (1) Week 40 in which she worked 43.5 hours and was compensated $27.93 per hour; (2) Week 46 in which she worked 54 hours and was compensated $19.37 per hour; (3) Week 47 in which she worked 48 hours and was compensated $23.34 per hour; (4) Week 48 in which she worked 42 hours and was compensated $13.61 per hour; and (5) Week 49 in which she worked 42 hours and was compensated $22.50 per hour. (*See*, Ex. 3-B to Odia Decl.) However, Dangerfield's overall earnings for every workweek in 2016 far exceeded the Federal minimum wage of $7.25 per hour. Furthermore, Ms. Dangerfield's rate of pay for 2016 was 20.74 per hour, which is more than one and one-half times the Federal minimum wage. (*Id.*)

INTU's records for Dangerfield in 2017 show that Dangerfield made $45,180 performing work for INTU and worked 1,885 hours. (Ex. 3-B to Odia Decl.). Thus her regular rate of pay for the year was $23.96 per hour, which is more than one and one-half times the Federal minimum wage. The lowest amount she made in any workweek in 2017 was $11.93 per hour (Week 16: $274.50 in compensation for 23 hours worked). (Ex. 3-B to Odia Decl.). Ms. Dangerfield worked overtime 13 workweeks in 2018 (Weeks 1, 8, 11, 19, 20, 23, 24, 27, 28, 45, 48, 49, and 50).

INTU's records for Ms. Dangerfield's work in 2018 show that she earned $41,712.30 working for INTU for 1,836 hours worked, and thus her regular pay rate for 2018 was $22.71 per hour. (Ex. 3-B to Odia Decl.). The lowest hourly rate Ms. Dangerfield received for any workweek in 2018 was $11.25 per hour (Week 47: $337.50 earned for 30 hours worked). (*Id.*) This amount exceeds the Federal minimum wage of $7.25.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

## C.    ELIZABETH SPANGLER'S PAY ANALYSIS

INTU's records show that Ms. Spangler has been compensated in compliance with the FLSA because her overall earnings for the every workweek in which she performed work for INTU, far exceeded the Federal minimum wage of $7.25 per hour. INTU's records show that in 2016, Ms. Spangler made $3,703.50 in compensation for her work for INTU and worked 214.5 hours. (Ex. 3-B to Odia Decl.) Thus her regular hourly compensation for the year was $17.26 per hour. (Ex. 3-B to Odia Decl.). This amount is far more than one and one-half times the Federal minimum wage (or $10.88 per hour). In any workweek for the calendar year 2016, the lowest amount per hour made by Ms. Spangler was $9.75 per hour in week 49 ($58.50 earned for 6 hours worked). (*Id.*). There were no workweeks in 2016 in which Ms. Spangler worked more than 40 hours per week, thus Ms. Spangler has no claim for overtime in 2016. (Ex. 3-B to Odia Decl.).

In 2017, Ms. Spangler earned $45,229.50 working for INTU for 1,936.7 hours worked; thus her regular pay rate for 2017 was $23.35 per hour. (Ex. 3-B to Odia Decl.). Ms. Spangler worked more than 40 in 15 workweeks in 2017 (Weeks 20 through 28; 31; 33; 34; 38; 40; 44; and 52).

In 2018, Ms. Spangler earned $28,192.50 working for INTU for 1,481.5 hours; thus her regular pay rate in 2018 was $19.02 per hour, which is more than one and one-half times the Federal minimum wage. (Ex. 3-B to Odia Decl.). The lowest hourly rate Ms. Spangler received for any workweek in 2018 was $7.85 per hour (Week 33: $216 earned for 27.5 hours worked). (Ex. 3-B to Odia Decl.). However, this amount exceeds the Federal minimum wage. There were eight (8) workweeks in 2018 in which Ms. Spangler worked more than 40 hours: Weeks 2; 9; 12; 32; 33; 34; 47; and 52. (*Id.*)

## D.    SHANNON DELELLE'S PAY ANALYSIS

INTU's records show that Ms. DeLelle has been compensated in compliance with the FLSA because her overall earnings for the every workweek in which she performed work for INTU, far exceeded the Federal minimum wage of $7.25 per hour. Ms. DeLelle began working for INTU in 2018. (ECF No. 9 at ¶ 27). In 2018, she earned $2,871 working for INTU for 71 hours worked; averaging $40.43 per hour for the year. (Ex. 3-B to Odia Decl.). Ms. DeLelle was

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

compensated far more than $7.25 per hour for all workweeks, with her lowest hourly earnings for any workweek being $27.75 in Weeks 26 and 42. (Ex. 3-B to Odia Decl.). Ms. DeLelle has never worked more than forty (40) hours in any workweek for INTU. (*Id.*)

### E.   SHANNON THOMPSON'S OVERTIME PAY ANALYSIS

INTU's records show that Ms. Thompson has never worked more than forty (40) hours in any workweek for INTU. (Ex. 3-B to Odia Decl.).

### F.   OVERTIME PAY ANALYSIS FOR CRYSTAL HONECK, JENNIFER WAKUZAWA-KIDA, AND SARAH PASCOE

INTU's records show Ms. Honeck, Ms. Wakuzawa-Kida, and Ms. Pascoe occasionally worked more than forty (40) hours in a workweek for INTU; however, each of these Plaintiffs received a regular pay rate in excess of one and one-half times the Federal minimum wage. (Ex. 3-B to Odia Decl.).

#### 1.   Crystal Honeck

Ms. Honeck worked more than forty (40) hours in three workweeks for INTU in 2016: Weeks 37, 44, and 49. (Ex. 3-B to Odia Decl.). However, in 2016, Ms. Honecks regular rate of pay was $26.46, which is more than one and one-half times the Federal minimum wage ($9,963.00 earned in 2016 divided by 376.5 hours worked). (Ex. 3-B to Odia Decl.).

Ms. Honeck did not work more than forty (40) hours in any workweek for INTU in 2017. (Ex. 3-B to Odia Decl.).

In 2018, Ms. Honeck worked more than forty (40) hours for INTU in only one (1) workweek: Week 23 in which she was compensated $26.34 per hour ($1,080 earned for 41 hours worked). (Ex. 3-B to Odia Decl). However, in 2018, Ms. Honeck's regular rate of pay was $28.41 per hour ($8,383.50 earned in 2018 for 295 hours worked), which exceeds one and one-half times the Federal minimum wage. (Ex. 3-B to Odia Decl).

#### 2.   Jennifer Wakuzawa-Kida

Ms. Wakuzawa-Kida worked more than forty (40) hours for INTU in only one workweek in 2016: Week 49 in which she was compensated $22.39 per hour ($918 earned for 41 hours worked). (Ex. 3-B to Odia Decl.). However, in 2016, Ms. Wakuzawa-Kida's regular rate of pay

1   was $22.59 per hour. (*Id.*)

2   In 2017, Ms. Wakuzawa-Kida worked more than forty (40) hours for INTU during four (4)

3   workweeks: Weeks 5, 16, 48, and 49. (Ex. 3-B to Odia Decl.) However, during 2017. her regular

4   rate of pay was $22.74. (*Id.*)

5           3.   <u>Sarah Pascoe</u>

6   Ms. Pascoe worked more than forty (40) hours for INTU in only one (1) workweek in

7   2016: Week 50 in which she earned $31.07 per hour ($1,305 earned for 42 hours worked). (Ex. 3-

8   B to Odia Decl.). However, in 2016, Ms. Pascoe's regular rate of pay was $21.26 per hour. (*Id.*)

9   In 2017, Ms. Pascoe worked more than forty (40) hours for INTU in five (5) workweeks:

10   Weeks 27, 28, 37, 48, and 49. (Ex. 3-B to Odia Decl.) However, in 2017, Ms. Pascoe's regular

11   rate of pay was $25.65 per hour. (*Id.*)

12   Ms. Pascoe did not work more than forty (40) hours in any workweek for INTU in 2018.

13   (Ex. 3-B to Odia Decl.).

14                   **III. ARGUMENT**

15   **A.    SUMMARY JUDGMENT STANDARD**

16   Under FRCP 56, "[t]he court shall grant summary judgment if the movant shows that there

17   is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

18   law." The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as

19   to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th

20   Cir.1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure

21   materials on file, and any affidavits "show there is no genuine issue as to any material fact and that

22   the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317,

23   330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue is "genuine" if there is a sufficient

24   evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a

25   dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v.*

26   *Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The amount

27   of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge

28   to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

1   F.2d 897, 902 (9th Cir.1983) (quoting *First Nat'l Bank v. Cities Service Co*., 391 U.S. 253, 288–

2   89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

3         The moving party bears the burden of showing that there are no genuine issues of material

4   fact. *Zoslaw v. MCA Distrib. Corp*., 693 F.2d 870, 883 (9th Cir.1982). "In order to carry its burden

5   of production, the moving party must either produce evidence negating an essential element of the

6   nonmoving party's claim or defense or show that the nonmoving party does not have enough

7   evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire &*

8   *Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir.2000). Once the moving party satisfies

9   Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific

10  facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

11  The nonmoving party "may not rely on denials in the pleadings but must produce specific

12  evidence, through affidavits or admissible discovery material, to show that the dispute exists,"

13  *Bhan v. NME Hosps., Inc*., 929 F.2d 1404, 1409 (9th Cir.1991), and "must do more than simply

14  show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am*., 285 F.3d

15  764, 783 (9th Cir.2002) (internal citations omitted). "The mere existence of a scintilla of evidence

16  in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252, 106 S.Ct.

17  2505.

18      **B.**    **FLSA STANDARDS REGARDING MINIMUM WAGE AND OVERTIME**

19        The establishment of an FLSA minimum wage violation depends on the total pay for the

20  workweek divided by the total number of hours worked in that workweek.  *United States v.*

21  *Klinghoffer Bros. Realty Corp*., 285 F.3d 487, 490 (2d Cir. 1960).  Several courts, including the

22  Ninth Circuit, have followed the workweek concept established in *Klinghoffer*.  *See Adair v. City*

23  *of Kirkland*, 185 F.3d 1055, 1059) (9th Cir. 1999). Plaintiffs' Complaint alleges that Plaintiffs "are

24  entitled to be compensated at the prevailing minimum wage for all hours worked." (ECF No. 9 at ¶

25  68). However, an employer's failure to compensate an employee for each hour of work does not

26  necessarily violate the minimum wage provision.  "[N]o violation occurs 'so long as the total

27  weekly wage paid by the employer meets the minimum weekly requirements of the statute, such

28  minimum weekly requirement being equal to the number of hours actually worked that week

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

multiplied by the minimum hourly statutory requirement.'"  *Walker v. Interstate Distributor Co.*, 2001 U.S. Dist. LEXIS 10941, *12 (9th Cir. 2001) (citing *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986) (quoting *Klinghoffer Bros. Realty Corp.*, 285 F.2d at 490 (2d Cir. 1960))).  As long as the wages received for a particular work week equal or exceed the minimum wage when divided by the hours worked, there is no violation of the minimum wage obligations of the FLSA.  *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 U.S. Dist. LEXIS 98064, *7-8 (M.D. Ga. Dec. 4, 2008).  Accordingly, courts will reject the FLSA minimum wage claims where employees allege that they were not paid for all of the hours they worked but their total compensation exceeds the minimum wage multiplied by the number of hours actually worked.  *Cooper v. Thomason*, 2007 U.S. Dist. LEXIS 7097 (D. Or. Jan. 26, 2007).

The Ninth Circuit articulated the appropriate pleading standard for wage and hour cases in *Landers v. Quality Communications, Inc* , 771 F.3d 638, 640 (9th Cir. 2014), as amended (Jan. 26, 2015), cert. denied , No. 14-969, 2015 WL 569003 (Apr. 20, 2015). In the context of claims brought under the FLSA, the Ninth Circuit in Landers agreed with other circuit courts that have held that "[a] plaintiff may establish a plausible [wage] claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, . . . or any other facts that will permit the court to find plausibility." Id. at 645. "Although plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of . . . compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they [were not fully compensated]." Id. at 646. The complaint in Landers included the "alleg[ation] that the defendants implemented a 'de facto piecework no overtime' system, . . . [but it lacked] any detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id.*  Under these standards, the Ninth Circuit affirmed the district court's dismissal of the plaintiff's "generalized allegations" of minimum wage and overtime violations. *Id.*; *see also Schaefer v. P.F. Chang China Bistro, Inc.*, 2014 U.S. Dist. LEXIS 105444, at *18 (D. Ariz., Aug. 1, 2014) (dismissing FLSA minimum wage claim alleged in conclusory fashion), *Perez v. Wells Fargo & Co.*, Case No. 14-cv-0989-PJH, 2014 U.S. Dist. LEXIS 172304,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

Case No. 2:18-cv-02361-MMD-NJK

DEFENDANT INTU'S MOTION FOR PARTIAL SUMMARY JUDGMENT

at **21-22 (N.D. Cal. Dec. 11, 2014) (granting defendant's motion for judgment on the pleadings as to FLSA claims and finding that, in accordance with *Twombly* and *Iqbal*, "plaintiffs must plead facts as to each of the FLSA plaintiffs showing a specific week . . . in which the wage paid divided by the number of hours worked resulted in payment at a rate falling below the minimum wage requirements of the FLSA").

Furthermore, Section 207(a)(1) of FLSA requires that, " 'for a workweek longer than forty hours,' an employee who works 'in excess of' forty hours shall be compensated for that excess work 'at a rate not less than one and one-half times the regular rate at which he is employed' (i.e., time and a half)." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113–14 (2d Cir. 2013) quoting 29 U.S.C. § 207(a)(1).

Under 29 U.S.C.A. § 207(i), no overtime pay is required for "employees"[1] of service establishments if: (1) their regular rate of pay is in excess of one and one-half times the Federal minimum wage, and (2) more than half of their compensation represents commissions on services. Even if the Court finds that Plaintiffs are employees for purposes of the FLSA, this section exempts the Plaintiffs from overtime. 29 U.S.C.A. § 207(i), provides:

No employer shall be deemed to have violated subsection (a) (regarding overtime compensation) by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C.A. § 207.

///

///

---

[1] It is Defendants' position that none of the Plaintiffs' are employees under the FLSA. They are independent contracts and are not subject to the minimum wage and overtime requirements of the FLSA. However, even if the court finds that they are "employees," 29 U.S.C. § 207(i) exempts Plaintiffs from overtime pay.

PAYNE & FEARS LLP

ATTORNEYS AT LAW
6385 S. RAINBOW BLVD, SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

**C. SUMMARY JUDGMENT SHOULD BE ENTERED ON THE MINIMUM WAGE FLSA CLAIMS OF DANGERFIELD, SPANGLER, AND DELELLE**

As set forth in detail in the Statement of Undisputed Facts, Section II, B-D, *supra*, the undisputed evidence in this case warrants summary judgment on the FLSA claims of Plaintiffs Dusty Dangerfield, Elizabeth Spangler and Shannon DeLelle. For these three Plaintiffs, the total pay for every workweek in which they performed work for INTU divided by the total number of hours worked in those workweeks exceeds the applicable minimum wage of $7.25 per hour. *See, Klinghoffer*, 285 F.2d at 490. As set forth above, INTU has produced all payment records within its possession, custody, and control concerning the Plaintiffs during the applicable time periods. (Edwards Decl. at ¶ 5). Defendants have requested that Plaintiffs produce all documentation they have concerning payments received and hours worked for INTU, as well as all documents supporting Plaintiffs' FLSA claims (Ex. 3-D to Odia Decl.). Plaintiffs responded to these discovery requests, asserting that these requests were objectionable because they purport to "compel them to produce information contained in the records the Defendants – not the Plaintiffs – are required to maintain." (Ex. 3-C and 3-D to Odia Decl.). Plaintiffs' have produced very little in the way of payout records, and have only produced limited records for four of the Plaintiffs. (Odia Decl. at ¶ 4). INTU has compiled those records and well as its own records and has determined that Plaintiffs' Dangerfield, Spangler, and DeLelle's minimum wage claims under the FLSA must fail. *See*, *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir.2000) ("In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.") Accordingly, summary judgment should be entered on the FLSA minimum wage claims of Plaintiffs Dangerfield, Spangler, and DeLelle.

**D. SUMMARY JUDGMENT SHOULD BE ENTERED ON ALL PLAINTIFFS' CLAIMS FOR OVERTIME PAY UNDER THE FLSA**

As set forth in the Statement of Undisputed Facts, *supra*, the undisputed evidence in this case shows that Plaintiffs Shannon DeLelle and Shannon Thompson have never worked more than forty (40) hours in any workweek for INTU, and thus their claims for overtime under the FLSA

1    must fail. (Ex. 3-D to Odia Decl.).

2          As further set forth in detail in the Statement of Undisputed Facts, Section II, B-F, *supra*,

3    the undisputed evidence in this case shows that each of the Plaintiffs' regular rate of pay for each

4    year they performed work for INTU was well in excess of one and one-half times the Federal

5    minimum wage of $7.25 per hour (i.e., more than $10.88 per hour). Under 29 U.S.C.A. § 207(i),

6    no overtime pay is required for "employees" of service establishments if: (1) their regular rate of

7    pay is in excess of one and one-half times the Federal minimum wage, and (2) more than half of

8    their compensation represents commissions on services. Even if the Court finds that Plaintiffs are

9    employees for purposes of the FLSA, which Defendants vehemently deny, this section exempts

10   the Plaintiffs from overtime pay. Plaintiffs all meet the criteria for this exemption because: (1)

11   they all provide massage services; (2) as established in the undisputed facts section herein,

12   Plaintiffs' regular rate of pay was far in excess of one and one-half time the Federal minimum

13   wage; and (3) all of Plaintiffs' payments from INTU that are tracked by INTU are commissions

14   (forty-five percent 45%) for massage services performed. *See*,  *Klinedinst v. Swift Investments,*

15   *Inc.*, 260 F.3d 1251, 1258 (11th Cir. 2001) ("Although sales commissions are the most common

16   form of commissions, there is no doubt that some other forms of payment representing a

17   percentage of the value of goods or services are easily recognized as commissions.") Accordingly,

18   Plaintiffs' claims for overtime wages under the FLSA must fail.

19   **E.    SUMMARY JUDGMENT SHOULD BE ENTERED ON ALL PLAINTIFFS'
              CLAIMS FOR OVERTIME UNDER NEVADA LAW**

20         Plaintiffs' Fourth Claim for Relief is for failure to pay wages and overtime wages under

21   NRS §608.005 *et seq.* However, Plaintiffs are exempt from overtime under NRS 608.018.  NRS

22   608.018 provides that "[a]n employer[2] shall pay 1 ½ times an employee's regular wage rate

23   whenever an employee who receives compensation for employment at a rate less than 1 ½ times

24   the minimum rate prescribed pursuant to NRS 608.250 works: (a) more than 40 hours in any

25   scheduled week of work; or (b) more than 8 hours in any workday … ."  But, subsection 3 of NRS

26

27   _____

28         [2] Again, Defendants deny that an employee/employer relationship ever existed between
     Plaintiffs and Defendants

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

1  608.018 provides that the overtime wage requirements of the statute do not apply to: "[e]mployees

2  who are employed in a bona fide executive, administrative, or *professional* capacities." (Emphasis

3  added). For purposes of NRS Chapter 608, "Professional" is defined as including employees

4  engaged in "any of the professions regulated by chapters 623 to 645, inclusive, 645G and 656A of

5  NRS." NRS 608.0116.

6       All of the Plaintiffs qualify as "Professionals" under NRS 608.0116 because they are

7  engaged in the profession of massage therapy, which is governed by NRS Chapter 640C. Under

8  NRS 640C.050, a "massage therapist" is defined as "a person who is licensed pursuant to the

9  provisions of this chapter to engage in the practice of massage therapy." Each of the Plaintiffs' are

10  massage therapist under NRS Chapter 640C, as they are all licensed by the Nevada Board of

11  Massage Therapy. (*See*, the Nevada Board of Massage Therapy's licensing records for the

12  Plaintiffs, attached hereto as Exhibit 2, and attached to Defendants' Request for Judicial Notice

13  filed concurrently herewith). Accordingly, all of the Plaintiffs are statutorily exempt from

14  overtime wages under Nevada law and summary judgment should entered on those claims.

15  **IV. CONCLUSION**

16       For all of the foregoing reasons, Defendants respectfully request that this Honorable Court

17  enter summary judgment as follows: (1) on the FLSA minimum wage claims of Plaintiffs Dusty

18  Dangerfield, Elizabeth Spangler, and Shannon DeLelle; (2) the FLSA overtime compensation

19  claims of all Plaintiffs; and (3) the Nevada overtime compensation claims of all Plaintiffs.

20  DATED:  May 24, 2019                    PAYNE & FEARS LLP

21

22

23                 By:     */s/ Sarah J. Odia*

24                     SARAH J. ODIA, NV Bar # 11053
6385 S. Rainbow Blvd, Suite 220

25                     Las Vegas, Nevada 89118
Telephone: (702) 851-0300

26                     Attorneys for Defendants INTU CORPORATION
and DEANNA EDWARDS

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2019, service of the foregoing, **DEFENDANTS'**

**MOTION FOR PARTIAL SUMMARY JUDGMENT** was made this date on designated

recipients by electronic transmission through the court's CM/ECF program.


_/s/ Sarah J. Odia_
Sarah J. Odia

Motion for Partial Summary Judgment 4811-7094-8760 v.1.docx

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD, SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300