UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KRYSTAL JOHNSON, et al., <br><br> Plaintiffs, <br> vs. <br><br> INTU, et al., <br><br> Defendants. | Case No. 2:18-cv-02361-MMD-NJK <br><br> **Order** <br><br> (Docket No. 43) |

Pending before the Court is Defendants' motion to compel Plaintiffs[1] to produce financial records and employment agreements, and to award Defendants' reasonable attorneys' fees. Docket No. 43. The Court has considered Defendants' motion, Plaintiffs' response, and Defendants' reply. Docket Nos. 43, 46, 47. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1.

---

[1] On August 13, 2019, the Court entered judgment in favor of Plaintiffs Crystal Honeck, Dusty Dangerfield, Jennifer Wakuzawa-Kida, Shannon Delele, Sarah Pascoe, and Shannon Thompson. *See* Docket Nos. 58, 59, 60, 61, 62, 63. Accordingly, this order applies only to Plaintiffs Krystal Johnson and Elizabeth Spangler.

## I. BACKGROUND

Defendants contract with casinos to provide chair massages to casino patrons. Docket No. 43 at 3. Plaintiffs are licensed massage therapists who sub-contracted with Defendants to provide massages to casino patrons. *Id*. at 6. Plaintiffs allege that Defendants misclassified them as independent contractors, and they seek minimum wages and overtime premiums under the Fair Labor Standards Act ("FLSA") and Nevada law. *See* Docket No. 1.

The dispute currently before the Court involves Defendants' six requests for production, including Plaintiffs' financial records and other employment agreements. Docket No. 43 at 6-10. Plaintiffs object to the requests on the grounds that the documents are not relevant and contain sensitive personal information. *Id.*

## II. STANDARDS

Under the Federal Rules of Civil Procedure, a party may obtain discovery for any nonprivileged matter that is (1) relevant to any party's claim or defense; and (2) proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make the existence of any fact more probable than it would be without the evidence. *Estate of Levingston v. Cty. of Kern*, 320 F.R.D. 520, 524 (E.D. Cal. 2017) (citing Fed. R. Evid. 401). Moreover, relevancy is broadly interpreted to include any matter that bears on any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The 2015 amendments to the rules of discovery are meant to "provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts*

*v. Clark Cty. School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).  If the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive, then the court must limit the frequency or extent of discovery.  Fed. R. Civ. P. 26(c).  However, trial courts retain broad discretion whether to permit a discovery request.  *Sablan v. Dep't of Fin.*, 856 F. 2d 1317, 1321 (9th Cir. 1988).

If a party fails to produce requested discovery, the other party may move to compel that discovery.  *See* Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to discovery rules).  The party resisting discovery must state, in detail, the reasons why each request is irrelevant or otherwise objectionable, and may not rely on generalized, conclusory, or speculative arguments.  *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).  Arguments against discovery must be supported by "specific examples and articulated reasoning."  *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

**III.   ANALYSIS**

Defendants move to compel Plaintiffs to produce documents in response to six separate requests for production.  Docket No.43 at 6-10.  Defendants requested copies of Plaintiffs' tax and income documents; specifically, Plaintiffs' federal and state income tax returns from 2016, 2017, and 2018; Plaintiffs' Internal Revenue Service 1099 Forms and W-2 Forms from 2016, 2017, and 2018; and Plaintiffs' pay stubs, summaries, financial spreadsheet, or other documents that reflect any and all income from 2016, 2017, and 2018.  *Id*. at 6-9.  Defendants also requested

copies of any and all employment agreements or independent contractor agreements that Plaintiffs entered to provide services or as employment from 2016, 2017, and 2018. *Id*. at 9-10.

Plaintiffs objected that the requests were overly broad, not relevant, and the requested documents contained sensitive and personal information. *Id*. at 6-10.

### A.   Plaintiffs' Tax Documents

Defendants submit that Plaintiffs' tax records and income records are central to the claims and defenses in this case because the information contained in the records demonstrates the "economic reality" of Plaintiffs' relationship with Defendants. Docket No. 43 at 11-16; *see also Donovan v. Sureway Cleaners,* 656 F. 2d 1368, 1370 (9th Cir. 1981). Defendants additionally submit that Plaintiffs' tax records are relevant to their claims under Nevada state law, which contains a statutory presumption that an individual is an independent contractor if, *inter alia*, the individual has either filed an income tax return for business or earnings from self-employment. Docket No. 43 at 12-13. Defendants further submit that tax returns and other income documents provide information that is useful in determining whether Plaintiffs are properly classified as independent contractors, and several courts have held that tax returns are relevant and discoverable in FLSA cases. *Id*. at 13-14; *see also Saravia v. Dynamex, Inc.*, 2016 WL 4140509 (N.D. Cal. Aug. 4, 2016), *In re Fedex Ground Package Sys., Inc.,* 2006 WL 3755311 (N.D. Ind. Dec. 14, 2006).

In response, Plaintiffs submit that their personal tax record are not proportional to the needs of the case. Docket No. 46 at 3-7; *see also Amsel v. Gerrard*, 2017 WL 1383443, at *2 (D. Nev. April 12, 2017). Plaintiffs submit that discovery into their personal financial records is not warranted as the information is, at best, only minimally relevant to their FLSA claims. *Id*. at 3-4. Plaintiffs additionally submit that the Nevada statute presumptively classifying persons as

4

independent contractors is inapplicable because Defendants cannot prove one prong of the statute's three-prong test. *Id*. at 4-5. Plaintiffs further submit that less intrusive means exist for Defendants to obtain the requested information, such as interrogatories or depositions. *Id*. at 5-6. Finally, Plaintiffs submit that providing the requested documents would reveal "troves" of sensitive personal information, though Plaintiffs' attorneys specifically states that they are purposely unaware of what, if any, sensitive information may be in the documents, and demonstrate the sort of invasive treatment potential class members may wish to avoid. *Id*. at 6, n. 2.

In reply, Defendants submit that, contrary to Plaintiffs' assertions, their agreements required Plaintiffs to maintain business licenses, which goes to the Nevada statutory requirement that the person "is required by contract with the principal to hold any necessary state business licenses…." *See* NRS 608.0155(b); *see also* Docket No. 47 at 3-5. Defendants submit that, therefore, Plaintiffs' financial records are relevant under NRS 608.0155 and proportional to the needs of the case. *Id*. at 5. Defendants additionally submit that the requested information can not be obtained from other sources, as Plaintiffs have refused to respond to the relevant interrogatories. *Id*. at 6. Defendants further submit that, unlike in *Amsel*, the instant case involves a Nevada state law wage and hour claim, and a dispute over whether Plaintiffs are independent contractors, and further, Defendants have sought a narrower category of Plaintiffs' financial records in this case. *Id*. Finally, Defendants submit that they seek: (1) the identity of the filing individual; (2) whether Plaintiffs filed income tax returns for a business or self-employment; (3) sources and amounts of income/revenue; and (4) any business related expenses reported or deductions taken and they have no interest in any other sensitive personal information. *Id*. at 7-8.

Although no absolute privilege exists for tax returns, the Ninth Circuit recognizes a public policy against their disclosure. If relevance is marginal, they should not be ordered produced. *See Heathman v. United States District Court*, 503 F.2d 1032, 1034–35 (9th Cir. 1974), *see also Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). Nonetheless, the law regarding the relevance of tax records to federal wage and hour claims is somewhat unsettled. *Compare Saravia v. Dynamex, Inc.*, 2016 WL 4140509, at *3-5 (N.D. Cal. Aug. 4, 2016) (holding that tax records are relevant to FLSA claims because they provide probative information to whether plaintiffs were properly classified as independent contractors), *and In Re Fedex Ground Package Sys.*, 2006 WL 3755311 (N.D. Ind. Dec. 14, 2006) (holding that the information in tax returns was relevant to determining the economic reality of the plaintiffs' working relationship with the defendant) *with Amsel v. Gerrard*, 2017 WL 1383443 (D. Nev. Apr. 12, 2017) (holding that tax returns are not relevant to FLSA claims because a plaintiff's financial condition is not in issue to determine whether the plaintiff is considered an employee).

Here, the Court need not determine whether tax records are relevant to FLSA claims because Plaintiffs' tax records are clearly relevant to their state law claims. Nevada law provides a three-prong test to determine if a person is statutorily presumed to be an independent contractor for purposes of Nevada wage and hour laws. *See* Nev. Rev. Stat. 608.0155. The first prong is whether a person has "filed an income tax return for a business or earnings from self-employment…." Nev. Rev. Stat. 608.0155(a).

Defendants have demonstrated that Plaintiffs' tax returns and income documents are relevant to the parties' claims and defenses. Moreover, Plaintiffs fail to demonstrate that the discovery is not relevant, is disproportionate to the needs of the case, or is otherwise

objectionable. Accordingly, the Court **GRANTS** Defendants' motion to compel with respect to Plaintiffs' tax and income documents in requests for production numbers 1, 2, 3, 4, and 5.

### B. Plaintiffs' Income Records and Other Employment Information

Defendants submit that Plaintiffs' employment agreements are relevant to the instant claims because the information demonstrates whether: (1) Plaintiffs performed work for other entities while performing work for Defendants; (2) Plaintiffs held themselves out as sole proprietors; and (3) Plaintiffs were economically reliant upon Defendants. Docket No. 43 at 15-16. Defendants submit that the requested information is central to their defenses and Plaintiffs' misclassification claims. *Id*. at 16.

In response, Plaintiffs submit that their employment agreements with third parties are not relevant. Docket No. 46. at 7- 8. Plaintiffs submit that they have already disclosed, in response to interrogatories, their other employment while employed by Defendants and, therefore, copies of employment agreements are not necessary. *Id*. at 7. Plaintiffs additionally submit that whether they held themselves out as independent contracts is not relevant because FLSA claims are not determined by the label that parties attached to their relationship. *Id*. at 7-8. Plaintiffs further submit that, if Defendants are seeking to discover whether Plaintiffs derived most of their income from Defendants, other methods exist to gather this information. *Id*. at 8.

In reply, Defendants submit that Plaintiffs performed massage therapy services for a number of entities and, therefore, the information is relevant to show that: (1) Plaintiffs held themselves out as independent contractors; (2) Plaintiffs had economic opportunities from a number of sources as independent contractors; (3) Plaintiffs had other structures and opportunities for earnings under those contracts; and (4) Plaintiffs were not dependent on Defendants as a matter of economic reality. Docket No. 47 at 8.

Defendants have demonstrated that Plaintiffs' employment agreements are relevant to the parties' claims and defenses. Moreover, Plaintiffs fail to demonstrate that the discovery is not relevant, is disproportional to the needs of the case, or is otherwise objectionable. Accordingly, the Court **GRANTS** Defendants' motion to compel with respect to Plaintiffs' other employment agreements in request for production number 7.

### C. Sanctions

Defendants ask the Court to order Plaintiffs to pay their reasonable attorneys' fees and costs incurred in making this motion under Federal Rule of Civil Procedure 37(a)(5)(A). Docket No. 43 at 16. In response, Plaintiffs submit that fees should not be awarded because they complied with their discovery obligations in good faith and their objections are substantially justified. Docket No. 46 at 9. In reply, Defendants submit that they are entitled to recover all fees expended because Plaintiffs have not offered another realistic method for them to obtain the information and because Plaintiffs' failure to produce the relevant documents was "inexcusable." Docket No. 47 at 8-9.

If a motion to compel is granted, the Court may order the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). In exercising its discretion, the Court considers the following exceptions whether: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of fees unjust. *See, e.g.*, *id.*; *Hyde & Drath v. Baker,* 24 F.3d 1162, 1171 (9th Cir. 1994).

In the instant case, the Court finds that awarding sanctions would be unjust. Accordingly, the Court **DENIES** Defendants' request for attorneys' fees.

8

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to compel, Docket No. 43, is hereby **GRANTED** in part and **DENIED** in part. The Court **ORDERS** Plaintiffs to produce all responsive documents to Defendants' requests for production numbers 1, 2, 3, 4, 5, and 7, no later than September 5, 2019. Defendants' request for sanctions is **DENIED**.

IT IS SO ORDERED.

DATED: August 16, 2019.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE