1  Sarah J. Odia
   Nevada Bar No. 11053
2  sjo@paynefears.com
   PAYNE & FEARS LLP
3  6385 S. Rainbow Blvd., Suite 220
   Las Vegas, Nevada 89118
4  Telephone: (702) 851-0300
   Facsimile: (702) 851-0315
5
   Attorneys for Defendants INTU
6  CORPORATION and DEANNA EDWARDS

7

8                    **UNITED STATES DISTRICT COURT**

9                    **FOR THE DISTRICT OF NEVADA**

10

11  KRYSTAL JOHNSON, on behalf of herself          Case No. 2:18-cv-02361-MMD-NJK
    and all others similarly situated, an individual;
12  ELIZABETH SPANGLER, on behalf of               **DEFENDANTS' OPPOSITION TO**
    herself and all others similarly situated, an   **PLAINTIFFS' MOTION TO COMPEL**
    individual;                                      **ANSWERS TO INTERROGATORIES**
13                                                   **(ECF No. 66)**

14                 Plaintiffs,

15        v.

16  INTU, a Nevada corporation; DEANNA
    EDWARDS, an individual,
17
                   Defendants.
18

19        Defendants INTU Corporation ("INTU") and Deanna Edwards (collectively

20  "Defendants"), by and through their counsel of record, hereby submit the following Memorandum

21  of Points and Authorities in Opposition to Plaintiffs' Motion to Compel Answer Interrogatories.

22               **MEMORANDUM OF POINTS AND AUTHORITIES**

23                           **I. INTRODUCTION**

24        This is a wage and hour lawsuit filed by Plaintiffs who provided chair massages to casino

25  patrons pursuant to independent contractor agreements they entered with INTU. INTU asserts that

26  Plaintiffs were properly classified as independent contractors, while Plaintiffs assert that they were

27  employees of INTU under the Fair Labor Standards Act ("FLSA") and Nevada law. Plaintiffs

28  have also asserted a claim for Intentional Interference with Contractual Relations alleging that

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

1    Defendants interfered with Plaintiffs' contracts to furnish massages for Professional Massage, Inc.

2    ("PMI") at the Bellagio resort, by contacting the Bellagio *after* INTU's contract to provide

3    massage services at the Bellagio was terminated. (ECF No. 9 at ¶¶ 77 - 82).

4         Plaintiffs have moved to compel Defendants to respond to three of Plaintiffs'

5    Interrogatories, which seek the following information: (1) The date on which INTU learned that it

6    would not be contracted to perform massage services at the Bellagio (including the identification

7    of the Bellagio contact with whom it was discussed); (2) contact information for all persons

8    associated with the Bellagio and Aria casinos with whom INTU has communicated about the

9    performance of massage services at any time since December 12, 2015; and (3) all facts

10    supporting Defendants' affirmative defense that Plaintiffs have failed to mitigate their damages.

11    The first two categories of information are not relevant to Plaintiffs' claims, the Defendants'

12    defenses, nor are they proportional to the needs of the case. Furthermore, Plaintiffs are seeking

13    INTU's confidential and proprietary customer contact list, which is protected from disclosure. In

14    addition, Defendants have adequately responded to Plaintiffs' request for all facts supporting

15    Defendants' mitigation defense.

16    **II. ARGUMENT**

17       A.      **Legal Standards**

18         FRCP 26 provides that parties may obtain discovery regarding "any nonprivileged matter

19    that is relevant to any party's claim or defense and proportional to the needs of the case,

20    considering the importance of the issues at stake in the action, the amount in controversy, the

21    parties' relative access to relevant information, the parties' resources, the importance of the

22    discovery in resolving the issues, and whether the burden or expense of the proposed discovery

23    outweighs its likely benefit." The Court "has authority to confine discovery to the claims and

24    defenses asserted in the pleadings," and parties "have no entitlement to discovery to develop new

25    claims or defenses that are not already identified in the pleadings." *See*, *Krause v. Nevada Mut.*

26    *Ins. Co*., No. 2:12-CV-00342-JCM, 2014 WL 117572, at *3 (D. Nev. Jan. 10, 2014) quoting Adv.

27    Comm. Notes to 2000 Amendment to Rule 26(b)(1). "Though the line of demarcation between

28    what is relevant and what is not is difficult to define with precision, courts must regulate the

Case No. 2:18-cv-02361-MMD-NJK

DEFENDANTS' MOTION TO COMPEL DISCOVERY

1    breadth of sweeping or contentious discovery." *Id.* "While the standard of relevancy [in discovery]

2    is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevance

3    and to explore matter which does not presently appear germane on the theory that it might

4    conceivably become so.'" *Id.* quoting *Henderson v. Holiday CVS, LLC*, 269 F.R.D. 682, 686 (S.D.

5    Fla 2010).

6         Generally, "the party seeking to compel discovery has the initial burden of establishing

7    that a request satisfies the relevancy requirements of Rule 26(b)(1)." *Krause v. Nevada Mut. Ins.*

8    *Co*., 2014 WL 117572, at \*3.

9         **B.    Information Regarding the Expiration of INTU's Contract with the Bellagio is**

10               **not Relevant or Proportional**

11        Plaintiffs allege that information regarding when INTU was notified by Bellagio that its

12   contract would not be renewed is relevant to Plaintiffs' claim for Intentional Interference with

13   Contractual Relations. It is not. To prove a claim for intentional interference of contractual

14   relations, Plaintiffs must establish: (1) the existence of "a valid and existing contract; (2) the

15   defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the

16   contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *J.J.*

17   *Industries, LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003). When INTU learned that it would not

18   be contracted to perform massage services at the Bellagio, including the identification of who at

19   Bellagio transmitted this information to INTU, is irrelevant to Plaintiffs' Intentional Interference

20   claim. Plaintiffs allege that they entered into contracts with PMI to perform massage services at

21   the Bellagio, and that *after* INTU's contract with the Bellagio expired, and that INTU interfered

22   with the PMI contracts *after* its contract with the Bellagio expired. (*See*, ECF No. 9 at ¶¶ 49, 54,

23   77-82). Prior to the expiration of INTU's contract with the Bellagio on December 7, 2018, there

24   was no "valid and existing contract" between the Plaintiffs and PMI to perform massage services

25   at the Bellagio. Indeed, to support its claim for Intentional Interference, Plaintiffs allege "*when*

26   *INTU's contract with the Bellagio poker room expired*, it notified applicable casino management

27   that [Plaintiffs] … are subject to restrictive covenants." (ECF No. 9 at ¶ 49). This is the only act

28   alleged by Plaintiffs that allegedly interfered with their contracts with INTU. Thus, the timing and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

1  substance of INTU's discussions with the Bellagio regarding the non-renewal of INTU"s contract

2  for work at the Bellagio are wholly inapplicable to Plaintiffs' claim.

### C.      Defendants' Client Contacts Are Not Relevant, Not Proportional and Are

### Protected Trade Secrets

5  Plaintiffs' Interrogatory No. 10 requests the contact information for INTU's client contacts

6  with the Bellagio and Aria casinos. This information is not relevant to any parties' claims or

7  defenses, nor is it proportional to the needs of this case. Liability under Plaintiffs' FLSA claim

8  will primarily hinge on whether INTU properly classified the Plaintiffs as "independent

9  contractors" rather than "employees." This determination depends upon a multi-factor test that

10  considers whether, "as a matter of economic reality, the individuals are dependent upon the

11  business to which they render service." *Donovan v. Sureway Cleaners*, 656 F. 2d 1368, 1370 (9th

12  Cir. 1981). The facts to be considered under the FLSA include:

> (1) the degree of the alleged employer's right to control the manner in which the work
> is to be performed; (2) the alleged employee's opportunity for profit or loss depending
> upon his managerial skill; (3) the alleged employee's investment in equipment or
> materials required for his task, or his employment of helpers; (4) whether the services
> rendered require special skill; (5) the degree of permanence of the working
> relationship; (6) whether the service rendered is an integral part of the alleged
> employer's business; (7) ownership of the property or facilities when work occurred;
> and (8) whether responsibility under the contracts between a labor contractor and
> employer passes from one labor contractor to another without material changes.

18  *Torres-Lopez v. May*, 111 F.3d 633, 646 (9th Cir. 1997). This analysis focuses upon the

19  relationship between INTU and the Plaintiffs, and has nothing to do with INTU's customers. Thus,

20  INTU's customer's contact information is not relevant to Plaintiffs' claims.

21  Additionally, Defendants' customer contacts are proprietary and Defendants' should not

22  be forced to disclose such information. "[A] trade secret is 'any formula, pattern, device or

23  compilation of information which is used in one's business, and which gives [the owner] an

24  opportunity to obtain an advantage over competitors who do not know or use it.' " *N. Atl.*

25  *Instruments, Inc. v. Haber*, 188 F.3d 38, 44 (2d Cir. 1999) quoting Restatement of Torts § 757

26  cmt. b (1939). "A customer list developed by a business through substantial effort and kept in

27  confidence may be treated as a trade secret and protected at the owner's instance against disclosure

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

1  to a competitor, provided the information it contains is not otherwise readily ascertainable." *N. Atl.*

2  *Instruments, Inc. v. Haber*, 188 F.3d 38, 44 (2d Cir. 1999) citing *Defiance Button Mach. Co. v. C*

3  *& C Metal Prods. Corp.*, 759 F.2d 1053, 1063 (2d Cir.), cert. denied, 474 U.S. 844, 106 S.Ct. 131,

4  88 L.Ed.2d 108 (1985). Here, Defendants have worked for years to obtain contacts and develop

5  relationships with individuals who work in the Las Vegas casino industry, in order to secure

6  exclusive access to casino floors to perform massage services. (*See*, Declaration of Deanna

7  Edwards at ¶ 2, attached hereto as Exhibit 1). As a service provider, Defendants' customer

8  contacts are one of INTU's most valuable assets. (*Id.* at ¶ 3). These contacts were developed

9  through substantial effort by Ms. Edwards and are not readily ascertainable to Defendants'

10  competitors. (*Id.*) Defendants' customer list and its contacts within the industry give Defendant an

11  opportunity to obtain an advantage over competitors who do not have access to these contacts, and

12  who have not worked to identify key individuals in the industry and develop relationships with

13  them.  (*Id.* at ¶ 4). Defendants should not be forced to make this information available to the

14  Plaintiffs, who have admitted that they now work for Defendants' competitors, and in some

15  instances own their own massage businesses and could themselves become competitors of

16  Defendants.

17  **D.**    **Defendants Have Adequately Responded to Plaintiffs' Interrogatory**

18          **Regarding Mitigation**

19          Plaintiffs complain that Defendants have inadequately responded to Plaintiffs'

20  Interrogatory No. 4 requesting "all facts" supporting Defendants' affirmative defense that

21  Plaintiffs have failed to mitigate their damages. Defendants' responded that discovery is ongoing

22  and that they believe that discovery will reveal facts showing Plaintiffs have failed to mitigate

23  their damages by "failing to seek other opportunities for work, independent contracts, or

24  employment as massage therapists." At this point, Defendants are not able to point to more

25  specific facts because: (1) Plaintiffs still have not produced copies of employment agreements or

26  independent contract agreements that they entered for the calendar years 2016, 2017, and 2018,

27  even though the Court compelled Plaintiffs to produce such documents by September 5, 2019

28  (*See*, ECF No. 64); and (2) Defendants have not yet taken Plaintiffs depositions. Defendants will

1  supplement their response to Plaintiffs' Interrogatory No. 4 once Defendants receive the requested

2  documents that the Plaintiffs have been compelled to produce, and once Defendants have taken

3  Plaintiffs' depositions. It is unclear what, exactly the Plaintiffs are looking for. If the Plaintiffs

4  believe that Defendants' response is insufficient then perhaps Plaintiffs can rely upon this

5  discovery response if/when Defendants assert this affirmative defense in a motion before the

6  Court. However, Plaintiffs' Motion to Compel Defendants to further respond to this Interrogatory

7  is misplaced.

8  ## IV. CONCLUSION

9       For all of the foregoing reasons, Defendants respectfully request that this Honorable Court

10  deny Plaintiffs' Motion to Compel Plaintiffs to Answer Interrogatories.

11

12  DATED:  September 17, 2019          PAYNE & FEARS LLP

13

14                                By:  _____*/s/ Sarah J. Odia*_____

15                                     SARAH J. ODIA, NV Bar # 11053
                                      6385 S. Rainbow Blvd, Suite 220
                                      Las Vegas, Nevada 89118
16                                     Telephone: (702) 851-0300
                                      Attorneys for Defendants INTU CORPORATION
17                                     and DEANNA EDWARDS

18

19                     **CERTIFICATE OF SERVICE**

20       I hereby certify that on September 17, 2019, service of the foregoing, **DEFENDANTS'**

21  **OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ANSWERS TO**

22  **INTERROGATORIES (ECF No. 66)** was made this date on designated recipients by electronic

23  transmission through the court's CM/ECF program.

24

25                                     _____*/s/ Erica Bennett-Mendoza*_____
                                      Erica Bennett-Mendoza
26

27

28  Opposition to Plaintiffs' Motion to Compel Interrogatories 4850-9006-1989 v. 1 (002).docx

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

# EXHIBIT "1"

# EXHIBIT "1"

1  Sarah J. Odia
   Nevada Bar No. 11053
2  sjo@paynefears.com
   PAYNE & FEARS LLP
3  6385 S. Rainbow Blvd., Suite 220
   Las Vegas, Nevada 89118
4  Telephone: (702) 851-0300
   Facsimile: (702) 851-0315
5
   Attorneys for Defendants INTU
6  CORPORATION and DEANNA EDWARDS

7
                    **UNITED STATES DISTRICT COURT**
8
                      **FOR THE DISTRICT OF NEVADA**
9

10

11  KRYSTAL JOHNSON, on behalf of herself and          Case No. 2:18-cv-02361-MMD-NJK
    all others similarly situated, an individual;
    SHANNON DELELLE, on behalf of herself and         **DECLARATION OF DEANNA**
12  all others similarly situated, an individual;      **EDWARDS**
    CRYSTAL HONECK, on behalf of herself and
13  all others similarly situated, an individual;
    DUSTY DANGERFIELD, on behalf of herself
14  and all others similarly situated, an individual;
    JENNIFER WAKUZAWA-KIDA, on behalf of
15  herself and all others similarly situated, an
    individual; SARAH PASCOE, on behalf of
16  herself and all others similarly situated, an
    individual; ELIZABETH SPANGLER, on
17  behalf of herself and all others similarly
    situated, an individual; SHANNON
18  THOMPSON, on behalf of herself and all others
    similarly situated, an individual;
19
                    Plaintiffs,
20
          v.
21
    INTU, a Nevada corporation; DEANNA
22  EDWARDS, an individual,

23                  Defendants.

24

25  I, Deanna Edwards, declare as follows:

26        1.     I am the owner and sole shareholder of  INTU Corporation ("INTU"), a party to

27  this action.  I have personal knowledge of the matters set forth herein.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD., SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

1    2.    I have worked for years to obtain contacts and develop relationships with

2  individuals who work in the Las Vegas casino industry, in order to secure exclusive access to

3  casino floors to perform massage services on behalf of INTU.

4    3.    As a service provider, my customer contacts are one of the most valuable assets of

5  my business, INTU. My customer contacts were developed through substantial effort and are not

6  readily ascertainable to my competitors. I do not share my customer contacts with my independent

7  contractors.

8    4.    INTU's customer contacts within the industry give INTU an opportunity to obtain

9  an advantage over competitors who do not have access to these contacts, and who have not

10  worked to identify key individuals in the industry and develop relationships with them.

11    5.    Disclosure of INTUs customer contacts at the Bellagio and Aria casinos would

12  substantially harm INTU's business.

13    I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct.

15

16    Executed September __, 2019, at Las Vegas, Nevada.

17

18    _____

19    Deanna Edwards

20

21

22

4823-0008-2854.1

23

24

25

26

27

28

DECLARATION OF DEANNA EDWARDS

advantage over competitors who do not have access to these contacts, and who have not worked to identify key individuals in the industry and develop relationships with them.

5. Disclosure of INTUs customer contacts at the Bellagio and Aria casinos would substantially harm INTU's business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 17, 2019, at Las Vegas, Nevada.

*Deanna Edwards*
Deanna Edwards

4823-0008-2854.1
Case No. 2:18-cv-02361-MMD-NJK
DECLARATION OF DEANNA EDWARDS

Scanned with CamScanner