UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KRYSTAL JOHNSON, et al.,<br>      Plaintiff(s),<br>v.<br>INTU CORPORATION,<br>      Defendant(s). | Case No.: 2:18-cv-02361-MMD-NJK<br><br>**ORDER**<br><br>(Docket No. 66) |

Pending before the Court is Plaintiffs Krystal Johnson and Elizabeth Spangler's motion to compel answers to interrogatories. Docket No. 66. The Court has considered Plaintiffs' motion and Defendant's response. Docket Nos. 66, 71. No reply was filed. *See* Docket. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the motion is **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**

This is a class-action case that arises from casino-floor massage services in the Bellagio's poker room. Docket No. 9 at 4–5. Plaintiffs performed those services pursuant to agreements with Defendant, which had a contract to provide the services. Docket No. 66 at 2. Plaintiffs allege that—after Defendant lost the contract—Defendant interfered with Plaintiffs' efforts to work for the company that took over the contract. *Id.* Plaintiffs further allege that Defendant failed to pay them owed overtime wages, that Defendant fired them for bringing this case, and that Defendant misclassified them as independent contractors. *Id.*; *see also* Docket No. 9 at 15–23.

On May 3, 2019, Plaintiffs propounded interrogatories on Defendant. Docket No. 66 at 3. After a conference between Plaintiffs' and Defendant's counsel, the parties' disputes about the interrogatories were narrowed to three. *See id.* at 3–7. Plaintiffs then filed the pending motion to compel. Docket No. 66.

**II.  ANALYSIS**

The trial court has broad discretion to permit or deny discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The scope of discovery is limited to nonprivileged matter that is

relevant to a party's claim or defense and is proportional to the needs of the case. Fed.R.Civ.P. 26(b)(1). The party seeking to avoid discovery bears the burden of showing why the discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party that resists discovery must detail—through "specific examples and articulated reasoning"—why each discovery request is objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006); *see also F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013).

Plaintiffs move to compel responses to three interrogatories: Nos. 3, 4, and 10. Docket No. 66 at 3–7. "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2). Interrogatories are intended "to enable a party to prepare for trial, to narrow the issues and thus help determine what evidence will be needed at the trial, and to reduce the possibility of surprise at the trial." 8B Fed. Prac. & Proc. Civ. § 2162 (3d ed.). "Toward [those ends], Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even [if] the information may not be admissible at the trial." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 635 (C.D. Cal. 2005). The Court analyzes the three disputed interrogatories in turn.

A. No. 3

> Provide the date on which [Defendant] first learned it would not be contracted to perform massage services at the Bellagio after December 7, 2018 and identify how [Defendant] first became aware of this information, including identifying any person(s) who transmitted such information to [Defendant] and identifying the means through which such information was transmitted.

Docket. No. 66 at 4. Defendant objected to this interrogatory and submitted that it (1) is vague, ambiguous, and overbroad; (2) is argumentative and assumes facts not in the record; (3) is irrelevant; (4) is disproportional to the needs of the case; (5) is unduly burdensome or costly; and (6) is confidential and proprietary. *Id.* However, the only basis on which Defendant submits an argument in its response to the motion to compel is that the interrogatory requests irrelevant information. Docket No. 71 at 3–4. The Court therefore analyzes only that basis.

Defendant submits that this interrogatory requests irrelevant information because, for a claim of intentional interference with contractual relations, Plaintiffs must establish only: "(1) the

2

existence of 'a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage.'" *Id.* at 3 (citing *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003)). Defendant submits that "the only act alleged by Plaintiffs that allegedly interfered with their contracts" occurred after Defendant's contract expired with the Bellagio. Docket No. 71 at 3. Plaintiffs submit, however, that the information the interrogatory requests is relevant because if Defendant "knew well in advance of the end of the Bellagio contract that it would not be renewed, . . . [it] would support an intentional interference claim." Docket No. 66 at 5.

The Court disagrees with Plaintiffs. When Defendant learned of this information is irrelevant because the alleged interference happened after Defendant lost the contract and Plaintiffs do not allege that they had contracts with the company that took over the contract before Defendant lost the contract. In other words, when Defendant knew that the contract would not be renewed is irrelevant because it does not bear on any element of a claim of intentional interference with contractual relations. Accordingly, the Court denies the motion to compel with respect to this interrogatory.

B.  No. 4

> Provide all facts that support your fifteenth (15th) affirmative defense that the Plaintiffs herein have failed to mitigate their damages.

Docket. No. 66 at 6. Defendant objected to this interrogatory and submitted that it (1) is vague, ambiguous, and overbroad; (2) seeks a legal opinion; and (3) that discovery is ongoing and that it believes that discovery will reveal facts showing that Plaintiffs have failed to mitigate their damages by "failing to seek other opportunities for work, independent contracts, or employment as massage therapists." *Id.* However, the only basis on which Defendant submits an argument in its response to the motion to compel is that it can provide no more specific facts because, essentially, discovery is ongoing and depositions have not yet been taken. Docket No. 71 at 5–6. The Court therefore analyzes only that basis.

3

The Court disagrees with Defendant. As Plaintiffs state, Defendant, at a minimum, can provide the facts that form the basis, as it currently understands it, for why it believes that Plaintiffs have failed to mitigate their damages. *See* Docket No. 66 at 7. Accordingly, the Court grants the motion to compel with respect to this interrogatory.

### C. No. 10

> Provide contact information, including names, addresses, e-mail addresses, telephone numbers, and facsimile numbers, for all agents, employees, directors, officers, and/or managers of the Bellagio and Aria casinos (or, as it is, the companies owning and operating such properties) with whom [Defendant] has communicated about the performance of massage services therein at any time since December 12, 2015.

Docket. No. 66 at 7. Defendant objected to this interrogatory and submitted that it (1) is vague, ambiguous, and overbroad, specifically over the term "performance of massage services"; (2) is argumentative and assumes facts not in the record; (3) is irrelevant; (4) is disproportional to the needs of the case; (5) is unduly burdensome or costly; and (6) is confidential and proprietary. *Id.* at 8. However, the only two bases on which Defendant submits an argument in its response to the motion to compel are that the interrogatory requests irrelevant information and that its customer contacts are proprietary. Docket No. 71 at 4–5. The Court therefore analyzes only those bases.

Defendant submits that the interrogatory seeks irrelevant information because liability under "Plaintiffs' FLSA claim will primarily hinge on whether [Defendant] properly classified the Plaintiffs as 'independent contractors' rather than 'employees,'" and the analysis to answer that question "focuses upon the relationship between [Defendant] and [] Plaintiffs, and has nothing to do with [Defendant's] customers." Docket No. 71 at 4. Plaintiffs submit, however, that the interrogatory seeks relevant information because it could reveal whether Plaintiffs were regarded by others as Defendant's employees and "the exercise of control [Defendant had] over Plaintiffs." Docket No. 66 at 8. The Court agrees and therefore finds that the information sought by the interrogatory is relevant.

Defendant further submits that the interrogatory seeks its customer contacts list which, it submits, is a trade secret; therefore, it need not disclose that information. Docket No. 71 at 4–5. Defendant's owner further declares that it took her years to obtain the contact information, the

4

information is "one of the most valuable assets of [her] business," she does not share the information with her independent contractors, and disclosure of the information would "substantially harm [her] business." Docket No. 71 at 9. The Court finds that Defendant has demonstrated that the contact information is a trade secret. *See Frantz v. Johnson*, 116 Nev. 455, 467 (2000) (finding a customer list to be a trade secret because it was "confidential, its secrecy was guarded, and it was not readily available to others . . . ."). The Court thus must "balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

Plaintiffs have the burden to "show that the [sought] information is [both] relevant to the subject matter of the lawsuit and [] necessary to prepare the case for trial." *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 681 (C.D. Cal. 2009) (quoting *In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991)). The Court has already found that the sought information is relevant to Plaintiffs' claims. However, Plaintiffs do not argue, let alone establish, that the information is necessary to prepare the case for trial. Plaintiffs therefore fail to meet their burden. Accordingly, the Court denies the motion to compel with respect to this interrogatory.

### III.   CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' motion to compel. Docket No. 66. The Court **ORDERS** Defendant to serve, no later than November 18, 2019, supplemental responses to Plaintiffs' interrogatory No. 4.

IT IS SO ORDERED.

Dated: November 5, 2019

_____
Nancy J. Koppe
United States Magistrate Judge