UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KRYSTAL JOHNSON, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br>INTU CORPORATION, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:18-cv-02361-MMD-NJK<br><br>ORDER |

**I.　SUMMARY**

Plaintiffs Krystal Johnson and Elizabeth Spangler, massage therapists who provide massages to poker players while they play poker in casinos, sued Defendants INTU Corporation and Deanna Edwards under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for Defendants' alleged failure to pay them minimum wage and overtime they were entitled to, and bring related claims under Nevada law. (ECF No. 81.) Before the Court is Plaintiffs' motion for conditional certification to proceed as a collective action under the FLSA ("Motion").[1] (ECF No. 24.) The Court held a hearing on the Motion on February 26, 2020 ("Hearing"). (ECF No. 85.) As further explained below, the Court will grant the Motion and conditionally certify this case as a collective action for notice purposes because Plaintiffs have persuaded the Court they are sufficiently similarly situated under the FLSA.

**II.　BACKGROUND**

The Court incorporates by reference the background facts of this case included in its prior order. (ECF No. 29 at 1-2.) While the background facts in that prior order were adapted from Plaintiffs' first amended complaint ("FAC"), and Plaintiffs' second amended

---

[1]Defendants filed a response (ECF No. 33), and Plaintiffs filed a reply (ECF No. 41).

complaint ("SAC") (ECF No. 81) is now the operative complaint in this case, the background facts did not change from the FAC to the SAC. In short, Plaintiffs used to work for Defendants (Edwards is the founder of INTU) under agreements that classified them as independent contractors. (ECF No. 29 at 1-2.) Defendants, in turn, entered into contracts with casinos to provide the casinos with massage therapists. (ECF No. 81 at 3.) Plaintiffs' core allegation is that their relationship with Defendants was really one of employee/employer, so Defendants owe them minimum wage and overtime pay that they did not receive. (*Id.* at 4-7.) Defendants disagree, but at least agree that "Plaintiffs entered into substantively identical independent contractor agreements with INTU to provide chair massages to patrons of INTU's customers at Las Vegas casinos properties." (ECF No. 33 at 3.) In their Motion, Plaintiffs seek conditional certification of their case as a collective action under the FLSA.[2] (ECF No. 24 at 2-3.)

### III. LEGAL STANDARD

29 U.S.C. § 216(b) permits workers to "litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018) (citing 29 U.S.C. § 216(b)). "Party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117. "Significantly, as long as the proposed collective's 'factual or legal similarities are material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment.'" *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 948 (9th Cir. 2019) (quoting *Campbell*, 903 F.3d at 1114).

FLSA collective actions generally proceed in two phases. *See Campbell*, 903 F.3d at 1100. Earlier in the litigation, around the pleading stage—and as here—plaintiffs tend to move for 'preliminary certification' of the collective action by arguing they have at least facially satisfied the 'similarly situated' requirement. *See id.* "At this early stage of the

---

[2]Plaintiffs clarified in their reply they are not seeking any sort of injunctive relief at this time, so this order does not address injunctive relief. (ECF No. 41 at 11.)

litigation, the district court's analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." *Id.* at 1109. The Court's job is merely to confirm the plaintiffs' allegations are plausible—supported by the limited evidence the plaintiffs provide. *See id.* Then, later in the litigation, and after the necessary discovery is complete, defendants will typically move for 'decertification,' arguing that discovery established the plaintiffs were not similarly situated after all. *See id.* at 1100.

FLSA collective actions are meaningfully distinct from class actions under Fed. R. Civ. P. 23. *See Campbell*, 903 F.3d at 1101; *see also id.* at 1105 ("A collective action is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases—capitalizing on efficiencies of scale, but without necessarily permitting a specific, named representative to control the litigation, except as the workers may separately so agree."). Unlike a class certification motion under Rule 23, the "sole consequence of a successful motion for preliminary certification is the sending of court-approved written notice to workers who may wish to join the litigation as individuals." *Id.* at 1101 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)) (internal quotation marks omitted).

**IV.    DISCUSSION**

The question before the Court on Plaintiffs' Motion is therefore whether Plaintiffs are similarly situated such that notices will be sent out to other potential plaintiffs, who could then opt-in to Plaintiffs' proposed collective action. The Court first addresses below whether Plaintiffs are similarly situated, then equitable tolling, and finally the definition of the proposed collective action members.

**A. Similarly Situated**

Plaintiffs argue they and the other proposed collective action members are similarly situated because Defendants required them all to work certain hours without paying them the minimum wage or overtime to which they were entitled. (ECF No. 24 at 5.) As support, Plaintiffs point to a declaration from one of the named Plaintiffs, copies of

the independent contractor agreements that governed the relationship between all potential plaintiffs and Defendants, and emails sent on Defendants' behalf intended to show that Defendants exercised significant control over Plaintiffs though Defendants characterized Plaintiffs as independent contractors. (*Id.* at 5-8.) Defendants counter that Plaintiffs have presented insufficient evidence in support of their Motion, the individualized inquiry required to determine whether Plaintiffs were misclassified as independent contractors does not lend itself to a collective action, and Plaintiffs are not similarly situated because resolving each of their claims on the merits will require an individualized, fact-specific inquiry. (ECF No. 33 at 5-12.) The Court agrees with Plaintiffs.

The Court finds Plaintiffs are similarly situated here because they have made the "requisite showing that they and the proposed [collective action members] were allegedly 'victims of a common policy or plan,' thereby warranting conditional certification." *Greene v. Omni Limousine, Inc.*, Case No. 2:18-cv-01760-GMN-VCF, 2019 WL 2503950, at *3 (D. Nev. June 15, 2019) (certifying conditional FLSA collective action for notice purposes). To start, there is no dispute that Plaintiffs and potential collective action members are all subject to materially identical independent contractor agreements. (ECF No. 33 at 3; *see also* ECF Nos. 24-2, 24-3 (copies of agreements).) Second, Plaintiffs allege they worked at least some hours where they were not paid (because nobody wanted a massage), worked more than 40 hours some weeks without overtime compensation, and more generally allege they were not paid minimum wage and overtime though they should have been in particular weeks. (ECF No. 81 at 6, 9.) Ms. Johnson's declaration supports these allegations. (ECF No. 24-1 at 2-3.) Third, Plaintiffs present evidence to support their contention they and their proposed collective action members were all subject to common policies (*i.e.* the 'points' system and the system for requesting time off)—emails sent from 'INTU Office' to all massage therapists. (ECF Nos. 24-4, 24-5.) Taken together, Plaintiffs' operative pleading and the limited evidence Plaintiffs have presented to the Court sufficiently show that they were victims of Defendants' common policy—treating them as independent contractors when Defendants should have treated them as employees

4

thereby denying them the benefit of minimum wage and overtime compensation. The Court thus finds Plaintiffs have satisfied the plausibility requirement for conditional collective action certification. *See Campbell*, 903 F.3d at 1109.

Defendants' arguments to the contrary are unavailing. Much of Defendants' argument is based on the factually incorrect premise that Plaintiffs only proffered Ms. Johnson's declaration in support of their Motion. (ECF No. 33 at 7-12.) But Plaintiffs also proffered the independent contractor agreements and emails sent to all massage therapists. (ECF Nos. 24-2, 24-3, 24-4, 24-5.) And Defendants do not even dispute that the independent contractor agreements are materially identical. (ECF No. 33 at 3.) Moreover, Defendants do not address any of the decisions from other courts in this circuit that Plaintiffs rely on for the proposition that employee misclassification lends itself to resolution as a collective action in arguing the contrary. (*Compare* ECF No. 24 at 8 (citing cases) *with* ECF No. 33 (declining to address those cases).) And the Court agrees with Plaintiffs that whether Plaintiffs and their proposed collective action members were properly classified as independent contractors is "a similar issue of law or fact material to the disposition of their FLSA claims." *Johnson*, 930 F.3d at 1117; *see also Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, Case No. 2:18-cv-00979-APG-CWH, 2019 WL 3430770, at *2 (D. Nev. July 29, 2019) (conditionally certifying collective action where the plaintiffs argued "that they are similarly situated to the putative class members because all were classified as non-exempt sales representatives and subjected to defendants' unlawful policies of computing overtime pay on the hourly wage excluding bonuses and commission[.]").

The Court is further unpersuaded by Defendants' argument that the individualized nature of the merits of each potential plaintiff's claims renders collective action certification inappropriate. (ECF No. 33 at 11.) "[A]s long as the proposed collective's 'factual or legal similarities are material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment.'" *Senne*, 934 F.3d at 948 (citation omitted). As discussed above, Plaintiffs have made a sufficient showing that such factual

and legal similarities exist to satisfy the "lenient standard that requires a modest showing" at this stage of the litigation. *Gonzalez*, 2019 WL 3430770, at *2.

The Court will therefore conditionally certify this case as a collective action, with the precise contours of the collective action further defined *infra* in Section IV.C.

### B. Equitable Tolling

Plaintiffs also ask the Court to equitably toll the statute of limitations that applies to the FLSA claims of "any opt-in class member from the date of the filing of this suit until the notice and opt-in period is concluded" so that no potential plaintiff's claim is cut off by the Court's delay in resolving the Motion. (ECF No. 24 at 8-11.) Defendants respond in pertinent part that Plaintiffs have failed to make the requisite showing of extraordinary circumstances warranting tolling the statute of limitations. (ECF No. 33 at 12.) Plaintiffs reply that Defendants did not address any of the case law Plaintiffs relied on in requesting equitable tolling, and merely pointed to one inapplicable and since overturned Ninth Circuit case, and therefore do not present any real opposition to Plaintiffs' request. (ECF No. 41 at 7-8.) The Court again agrees with Plaintiffs.

Plaintiffs' counsel conceded at the Hearing that Plaintiffs would only be entitled to equitable tolling based on the Court's delay in resolving the Motion from the date he filed the Motion—April 10, 2019. (ECF No. 24.) He also conceded that the statute of limitations would bar any claims based on employment with INTU that ended more than two years before that date. Thus, Plaintiffs' equitable tolling request is now narrower than it was in Plaintiffs' briefing. The Court also finds it is now more reasonable.

Plaintiffs point to a few cases in their Motion in support of the proposition that the Court can equitably toll the FLSA's statute of limitations to account for the time that the Court waited to rule on the Motion. (ECF No. 24 at 10-11.) Given that Defendants do not even attempt to distinguish those cases, or otherwise argue how they would be prejudiced were the Court to toll the statute of limitations, the Court finds Plaintiffs' reliance on them persuasive. (ECF No. 33 at 12.) *See also Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1182 (D. Colo. 2012) (granting the plaintiffs' request to toll the FLSA

limitations period where "Defendant fails to claim it would be prejudiced in any manner, let alone prejudiced unduly, were this Court to toll the applicable limitations period."). And as a matter of equity, the Court is uninterested in prejudicing potential plaintiffs because it took the Court some time to resolve the Motion. *See id.* at 1181-82 (noting that allowing the potential plaintiffs' "claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust[.]").

The Court will therefore equitably toll the FLSA statute of limitations period until the conclusion of the opt-in period, and will adopt Plaintiffs' proposed definition of the members of the collective action that accounts for this decision to equitably toll the statute of limitations—as further specified *infra* in Section IV.C.

### C. Proposed Collective Action Members

Plaintiffs' counsel clarified at the Hearing that they seek conditional certification of a collective action consisting of all massage therapists who have worked for INTU from April 10, 2017 to the present—a date two years before he filed Plaintiffs' Motion. The Court agrees that this is a reasonable definition of the members of this collective action for notice purposes. However, Plaintiffs' proposed notice (ECF No. 24-6) contains a different definition, and is otherwise out of date in light of Plaintiffs' SAC (ECF No. 81). Further, the parties dispute some aspects of Plaintiffs' proposed notice. (ECF Nos. 33 at 13-14, 41 at 8-10.) Thus, as the Court indicated at the Hearing, the Court will order the parties to work collaboratively to resolve all of these notice disputes, and come up with a revised notice together. The Court will refer all notice issues to Magistrate Judge Koppe.

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiffs' motion for conditional collective action certification (ECF No. 24) is granted as specified herein.

7

It is further ordered that the Court conditionally certifies a collective action consisting of all massage therapists who have worked for INTU from April 10, 2017 to the present.

It is further ordered that the parties must work together to resolve all collective action notice issues, and if they are unable to reach agreement, they must present their notice disputes to Magistrate Judge Koppe in a motion that complies with the Local Rules. The Court refers all notice questions in this case to Magistrate Judge Koppe, including approval of the form of the notice.

DATED THIS 28th day of February 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE